**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**August 30, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

SAMUEL NATHANIEL SCOTT,

    Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

    Respondent - Appellee.

No. 21-6160
(D.C. No. 5:21-CV-00794-J)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MATHESON**, and **EID**, Circuit Judges.
_____

While incarcerated in Oklahoma state custody at the Joseph Harp Correctional

Center (JHCC), Samuel Scott was charged in a federal court criminal complaint with

First Degree Murder in Indian Country.  *See* Criminal Complaint, *United States v.*

*Scott*, No. 5:21-MJ-00194-STE-1 (W.D. Okla. Mar. 26, 2021), ECF No. 1.[1]  He filed

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Though not part of the record on appeal in this case, we take judicial notice of relevant documents in No. 5:21-MJ-00194-STE.  *See, e.g.*, *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) ("Although we are not obliged to do so, we may exercise our discretion to take judicial notice of publicly-filed records

an application for a writ of habeas corpus in his federal criminal proceeding. *See* R. at 6. On August 12, 2021, the district court in the criminal proceeding entered an order striking the petition for writ of habeas corpus and ordering the clerk of court to file the petition as a new civil case. *See id.*

An identical habeas complaint was duly filed as an independent civil action in the Western District of Oklahoma. *See id.* at 1, 3-4. The habeas application did not challenge the state conviction for which Scott had been imprisoned at JHCC. Instead, Scott complained that at JHCC he did not have adequate access to law library resources, including federal case law, or adequate assistance with filing court documents. As a remedy for this problem, he asked the court to "instruct the [United States Department of Justice] to assume custody of me and transfer me to the appropriate federal detention facility." *Id.* at 3 (capitalization normalized).[2]

On August 13, 2021, the district court entered an order in the civil case, No. 5:21-CV-00794-J, directing the court clerk to dismiss the case. *See id.* at 8. The order stated that "[t]he Petition for Writ of Habeas Corpus will be determined in [the pending federal criminal case, No. 5:21-MJ-00194-STE-1]." *Id.* But, as noted, the identical habeas application already filed in Scott's federal criminal case had been stricken.

---

in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand.").

[2] Although the habeas application did not specify under which habeas statute it was brought, it appears Scott intended to file an application under 28 U.S.C. § 2241.

Faced with a sort of judicial ping pong regarding his application, Scott appealed to this court the August 13, 2021, order dismissing his habeas application in No. 5:21-CV-00794-J. He followed this up with an amended notice of appeal, also filed in No. 5:21-CV-00794-J.

Meanwhile, on August 30, 2021, the United States Attorney filed a motion to dismiss the pending federal criminal complaint against Scott. Motion to Dismiss, *United States v. Scott*, No. 5:21-MJ-00194-STE-1 (W.D. Okla. Aug. 30, 2021), ECF No. 9. The district court entered its order dismissing the complaint without prejudice on the same day. *See id.*, ECF No. 10. There is no indication that the government has refiled the federal charges against Scott.

Only the district court's order of dismissal in No. 5:21-CV-00794-J is now before us. We affirm the district court's dismissal, albeit for a different reason than the one it stated. The only relief requested in Scott's habeas application was that he be transferred to federal custody because the conditions at JHCC did not afford him adequate law library access or access to legal assistance. *See* R. at 4. This represented a challenge to the conditions of his confinement at JHCC rather than the fact or duration of that confinement and should therefore have been brought through a civil rights action rather than a habeas application. *Cf. Palma-Salazar v. Davis*, 677 F.3d 1031, 1038-39 (10th Cir. 2012) (prisoner's Fifth and Eighth Amendment challenges to denial of his request for a transfer within Bureau of Prisons should have been brought as a *Bivens* civil rights action challenging his conditions of

confinement; the district court therefore lacked jurisdiction under § 2241 to consider them as a purported habeas claim).

In his opening brief, Scott raises several other issues. He asserts that the district court should have appointed counsel for him, that he was entitled to receive a report and recommendation before dismissal because this case was initially referred to a magistrate judge, and that as a Native American he is entitled to the benefit of treaty rights and protections and/or the state court lacked jurisdiction to convict him. Given the limited scope of the claim raised in his habeas petition and its patent jurisdictional defect, none of these assertions could affect the outcome of this appeal. We therefore need not discuss them further. *See United States v. Valtierra-Rojas*, 468 F.3d 1235, 1243 n.12 (10th Cir. 2006) ("We will not undertake to decide issues that do not affect the outcome of a dispute." (internal quotation marks omitted)).

We affirm the judgment of dismissal. For substantially the reasons stated by the district court in its order denying Scott's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees, *see* R. at 14-15, we deny Scott's motion to proceed in forma pauperis in this appeal and order immediate payment of the filing fee.

Entered for the Court

Timothy M. Tymkovich
Chief Judge